UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEDDY MILLER and EDDIE MILLER, as Co-Trustees of the NORMA LEE MILLER REVOCABLE TRUST; <br><br> and <br><br> EDDIE MILLER, as Trustee of the EDDIE MAX MILLER REVOCABLE TRUST and as Trustee of the SUSAN E. MILLER REVOCABLE TRUST, <br><br>    Plaintiffs, <br><br> v. <br><br> EOG RESOURCES, INC., a Delaware Corporation, <br><br>    Defendant. | Case No. CIV-19-1033-G |

## ORDER

Plaintiffs Teddy Miller[1] and Eddie Miller[2] ("Plaintiffs") filed this lawsuit in the District Court of Ellis County, Oklahoma, asserting claims arising from the well-site activities of Defendant EOG Resources, Inc. ("EOG") upon real property owned by trusts for which Plaintiffs serve as trustees ("the Property"). EOG removed the action to this Court on November 11, 2019, and thereafter filed a Partial Motion to Dismiss (Doc. No.

---

[1] Teddy Miller asserts standing as co-trustee of the Norma Lee Miller Revocable Trust.

[2] Eddie Miller asserts standing as co-trustee of the Norma Lee Miller Revocable Trust, as trustee of the Eddie Max Miller Revocable Trust, and as trustee of the Susan E. Miller Revocable Trust.

4) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have responded in opposition to the Motion (Doc. No. 9) and EOG has replied (Doc. No. 11).

## SUMMARY OF THE PLEADINGS

Plaintiffs allege that EOG constructed multiple well sites on the Property, each of which was subject to a Surface Use Agreement. *See* Compl. ¶¶ 5-6 (Doc. No. 1-1). "Each of the . . . Surface Use Agreements contain[s] well site size limitations for the period of drilling/completing operations, and each agreement includes a reduced or 'downsized' size limitation after the respective wells had been drilled and completed." *Id.* ¶ 7.

Plaintiffs allege that nine of the completed well sites are "substantially larger" than the drilling/completing limitations set forth in the Surface Use Agreements and that EOG has refused to reduce the well-site location sizes as required by the "downsizing" provisions thereof. *Id.* ¶¶ 8-9, 12-31. Based on these allegations, Plaintiffs assert claims for breach of contract (*id.* ¶¶ 32-39), negligent breach of contract (*id.* ¶¶ 40-45), and trespass to land (*id.* ¶¶ 46-50).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) prescribes that a defendant may seek dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above

the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

ANALYSIS

EOG seeks dismissal of Plaintiffs' claims for trespass and negligent breach of contract, contending that "Plaintiffs' recovery against EOG—if any—lies in contract, not tort." Def.'s Mot. at 1.

The circumstances under which Oklahoma law permits contracting parties to sue each other in tort are not perfectly defined. The Oklahoma Supreme Court has stated that tort liability requires "violation of a duty imposed by law independent of contract." *Lewis v. Farmers Ins. Co.*, 681 P.2d 67, 69 (Okla. 1983).[3] That court also stated that every contract embodies a "common law duty to perform [the thing to be done] with care, skill,

---

[3] *Accord Fretwell v. Prot. Alarm Co.*, 764 P.2d 149, 151 (Okla. 1988); *Abercrombie & Fitch Stores, Inc. v. Penn Square Mall Ltd. P'ship*, 425 P.3d 757, 763 (Okla. Civ. App. 2018); *Milroy v. Allstate Ins. Co.*, 151 P.3d 922, 926 (Okla. Civ. App. 2007).

3

reasonable expediency, and faithfulness," and breach of such duty "will give rise to an action ex delicto as well as an action ex contractu." *Id.* at 69.[4]

Looking to the substance of their rulings, Oklahoma courts have permitted tort claims by and against contracting parties in two scenarios: (1) where the defendant engaged in tortious conduct amounting to breach of an extra-contractual duty—i.e., a duty "imposed by law, by reason of the [parties'] relationship";[5] and (2) where, in the course of performing under a contract, the defendant committed an "independent" wrong, typically characterized by behavior that is "willful, designed, intentional, or malicious."[6] Outside these scenarios—that is, without breach of an independent duty or the commission of an "independent" tort—a contractual violation, even if intentionally undertaken, will not

---

[4] *Accord Finnell v. Seismic*, 67 P.3d 339, 344 (Okla. 2003); *Leak-Gilbert v. Fahle*, 55 P.3d 1054, 1057 (Okla. 2002); *Hesser v. Cent. Nat'l Bank & Tr. Co. of Enid*, 956 P.2d 864, 868 (Okla. 1998); *Fretwell*, 764 P.2d at 151; *Keel v. Titan Constr. Corp.*, 639 P.2d 1228, 1232 (Okla. 1981); *Abercrombie & Fitch*, 425 P.3d at 763; *Milroy*, 151 P.3d at 926-27.

[5] *Burton v. Juzwik*, 524 P.2d 16, 19 (Okla. 1974); *see also Okla. Nat. Gas Co. v. Pack*, 97 P.2d 768, 770 (Okla. 1939) (holding that defendant was subject to tort liability where, irrespective of its contractual relationship with plaintiffs, it breached a common-law duty to supply gas to its consumers); *Hobbs v. Smith*, 115 P. 347, 350 (Okla. 1911) (holding that defendant was subject to tort liability where his sale of diseased hogs to plaintiff breached the parties' agreement and also a common-law duty to not knowingly sell contagious livestock to another).

[6] *Hall Jones Oil Corp. v. Claro*, 459 P.2d 858, 861 (Okla. 1969) (holding that plaintiffs could maintain a claim for "tortious breach" of an oil and gas lease where defendants "knowingly and intentionally" breached the implied covenant to protect against drainage by "illegal[ly] produc[ing] . . . oil on adjoining property"); *Z. D. Howard Co. v. Cartwright*, 537 P.2d 345, 347 (Okla. 1975) (holding that punitive damages were recoverable because, in the course of selling a car to plaintiff, defendant "falsely represent[ed] the car to be a new one," thereby committing an "independent, willful tort"); *accord Rodgers v. Tecumseh Bank*, 756 P.2d 1223, 1227 (Okla. 1988) (explaining that "[g]ross recklessness or wanton negligence on behalf of a party to a contract may call for an application of the theory of tortious breach of contract").

4

support a claim for tort liability. *See Hall Jones*, 459 P.2d at 861 ("Conduct that is merely a breach of contract is, of course, not a tort."); *Pack*, 97 P.2d at 770 ("There is a broad distinction between causes of action arising ex contractu and ex delicto, and a mere matter of contract cannot be converted into a tort.").

While *Lewis* has been invoked to support a cause of action for negligent performance of contractual obligations, the Oklahoma Supreme Court disavowed that construction in the 2010 case of *Embry v. Innovative Aftermarket Systems L.P.*:

> There is simply no general duty to use reasonable care in the performance of a contract. The duty of a party to a contract to act reasonably and diligently in the performance of a contract are encompassed within the implied covenant of fair dealing and good faith. "Fair dealing" in the implied covenant emphasizes "reasonable action," while "good faith" is marked by "the exercise of reasonable diligence." The duty to act in good faith also requires a party to abstain from taking unfair advantage of another. Any neglect and lack of diligence on the part of the defendants is simply proof of their breach of the implied duty to deal fairly and in good faith, and not an independent theory of recovery.

247 P.3d 1158, 1161 (Okla. 2010) (citations omitted).[7]

This Court is bound to follow *Embry* insofar as it embodies the Oklahoma Supreme Court's "most recent statement of state law" with respect to the issue at hand. *Sw. Forest*

---

[7] Defendant cites but one relevant case postdating *Embry*: the 2018 decision of the Oklahoma Court of Civil Appeals in *Abercrombie & Fitch*. In that decision, the Court of Civil Appeals held that the plaintiff could maintain a negligence claim based on the defendant's failure to perform its contractual obligations with "care, skill, reasonable experience and faithfulness." *Id.* at 762 (internal quotation marks omitted). This holding possibly was premised on the existence of a special relationship between the parties, such as would render the implied duty actionable in tort. *See id.* at 763. At any rate, *Abercrombie & Fitch* holds "no precedential value" and must be disregarded to the extent it conflicts with the Oklahoma Supreme Court's holding in *Embry*. *See Strong v. Laubauch*, 65 F. App'x 206, 211 (10th Cir. 2003) (citing Okla. Stat. tit. 20, § 30.5).

*Indus., Inc. v. Sutton*, 868 F.2d 352, 354 (10th Cir. 1989). Under *Embry*, the common-law duty to perform a contract with "care, skill, reasonable expediency, and faithfulness"[8] is conceptualized as part and parcel of the duty of good faith and fair dealing, which, though inherent in every Oklahoma contract, does not give rise to "independent tort liability" in the absence of a "special relationship" between the parties. *See Embry*, 247 P.3d at 1161; *Wathor v. Mut. Assurance Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004). In this vein, *Embry* is consistent with prior Oklahoma decisional law permitting tort liability if the defendant's breach of contract also violates a common-law duty stemming from the parties' relationship. At the same time, *Embry* leaves intact Oklahoma decisional law permitting tort liability if the defendant, in the course of performing a contract, commits an independent, willful tort.

## I. Plaintiffs' Negligent Breach-of-Contract Claim

In support of their negligence claim, Plaintiffs assert that EOG "had a duty to construct the subject well site locations with reasonable care, skill, and in compliance with the . . . size limitations" specified in the Surface Use Agreements. Compl. ¶ 43. Plaintiffs allege that EOG breached that duty and was therefore "negligent in the performance of its [contractual] obligations." *Id.* ¶ 44.

In this regard, Plaintiffs do not contend that EOG breached any extra-contractual duty or that it engaged in intentional or malicious conduct. Because Plaintiffs' negligence claim is premised on the theory of a "general duty to use reasonable care" in performing

---

[8] *Lewis*, 681 P.2d at 69.

the parties' contract, it is foreclosed by *Embry* and will be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Embry*, 247 P.3d at 1161 ("There is simply no general duty to use reasonable care in the performance of a contract.").

II. *Plaintiffs' Trespass Claim*

In support of their trespass claim, Plaintiffs allege that EOG's entry onto and use of Plaintiffs' land exceeded the scope of permission granted under the Surface Use Agreements, making EOG liable under a theory of trespass. *See* Compl. ¶¶ 48-50.

In *Angier v. Mathews Exploration Corporation*, 905 P.2d 826, 831 (Okla. Civ. App. 1995), the Oklahoma Court of Civil Appeals considered a suit brought by a landowner who had executed a right-of-way agreement permitting the defendant pipeline company to build an access road over her land. *See id.* at 828. In breach of the agreement, the defendant "locat[ed] the entry way for the access road at the southeast corner of [the plaintiff's] lands rather than the northeast corner as provided" in the contract. *Id.* The *Angier* court concluded that the plaintiff landowner's claim was "essentially a trespass cause of action," and she was therefore entitled to damages "based on [that] tort." *Id.* at 831. That court cited a line of authority—left undisturbed by *Embry*—holding that "tort may be the basis for recovery" in an action between contracting parties if "the contract is merely the inducement which creates the occasion for the tort." *Id.* at 831 n.2 (internal quotation marks omitted).

The Court finds *Angier* to be persuasive. Specifically, the Court concludes that Plaintiffs' allegation of trespass is the sort of independent, intentional breach of a duty "imposed by law individually of contract" that may, under the appropriate facts, support
7

liability in tort despite the contractual origin of the parties' relationship. *Angier*, 905 P.2d at 831 n.2; *see, e.g.*, *Z. D. Howard Co.*, 537 P.2d at 347. Accordingly, Plaintiffs' trespass claim withstands scrutiny at this pleading stage and will be allowed to proceed.

## CONCLUSION

For the reasons stated above, Defendant's Partial Motion to Dismiss (Doc. No. 4) is GRANTED IN PART and DENIED IN PART. Plaintiffs' trespass claim shall proceed, but Plaintiffs' negligent-breach-of-contract claim is dismissed without prejudice.

IT IS SO ORDERED this 6th day of February, 2020.

_____
CHARLES B. GOODWIN
United States District Judge